UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS B. LETOHA and PAMELA A. BOUDOIN-AIMEE**          **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO.1:06CV1009 LTS-RHW**

**NATIONWIDE INSURANCE COMPANY**                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
ON MOTION FOR ENFORCEMENT OF PARTIAL SETTLEMENT AGREEMENT**

The Court has before it the plaintiffs' motion [28] for enforcement of a "partial settlement agreement."  For the reasons set out below, this motion will be denied.

Plaintiffs' dwelling and its contents were damaged during Hurricane Katrina.  The insured property is situated at 9430 Fournier Avenue, D'Iberville, Mississippi.  This property was insured against wind damage (and certain other perils) by Nationwide Insurance Company (Nationwide) under its policy number 6323T450235.  The complaint, filed on September 8, 2006, alleges that Nationwide failed to properly investigate the plaintiffs' claim for wind damage and failed to pay the benefits due under this policy.  Plaintiffs charge Nationwide with bad faith and grossly negligent misconduct in handling the plaintiffs' wind damage claim.  The merits of the plaintiffs' wind damage claim and the plaintiffs' claim for bad faith and gross negligence are the issues at the heart of this case.

At the time of the storm, Plaintiffs' property was also covered by a flood insurance policy Nationwide issued under the National Flood Insurance Program.  There was a dispute between the plaintiffs and Nationwide over this flood insurance coverage.  The "partial settlement agreement" the plaintiffs are asking the Court to enforce resolved the issue of flood insurance coverage, and the agreement also resolved any potential claim the plaintiffs may have been entitled to assert against Nationwide and its local agent for negligence in procuring this flood coverage.  The amount paid pursuant to this "partial settlement agreement" is precisely the amount of the flood coverage that the plaintiffs contended they purchased from Nationwide.

Nationwide signed this "partial settlement agreement" on April 5, 2006, and the plaintiffs signed the agreement on April 17, 2006.  The payment of the settlement funds under this agreement was accomplished near the time the agreement was signed.  The current controversy concerns both the confidentiality of this settlement agreement and the question whether the money paid under the agreement should be considered a payment for flood insurance coverage on the plaintiffs' property.  Nationwide contends that the payment made under the "partial settlement agreement" are in fact payments of insurance benefits for flood damage to the insured property.  Plaintiffs contend that these payments do not constitute a flood insurance recovery.

The question whether the payments made under the "partial settlement agreement" are in fact flood insurance benefits is important because the collection of flood insurance benefits has the potential to affect a property owner's recovery under his wind coverage. In *Broussard v. State Farm Insurance Company,* 1:06cv006, and *Gemmill v. State Farm Insurance Company,* 1:05cv692, the Court considered the legal effect of an insured's collection of flood insurance benefits on the insured's separate claim for wind damage where the same property was allegedly damaged by both perils. The rule established in these cases is that the total pre-storm value of the insured property sets an upper limit on the amount the insured may collect from all applicable coverages, and any sum collected for flood coverage must be taken into consideration with respect to this upper limit of recovery. This is based upon the indemnity principle that applies to insured losses.

By accepting benefits tendered under a flood insurance policy, an insured makes a judicial admission that the insured property sustained flood damage at least equal to the flood insurance benefits he accepts. The insured is thereafter estopped to deny that this flood damage has occurred. The maximum the insured may thereafter recover is the difference between the pre-storm value of the insured property and the flood insurance benefits he has accepted.

I have reviewed the terms of the "partial settlement agreement," and it is obvious to me that the payments made pursuant to this agreement are flood insurance benefits. From the title of the agreement to the recitations that precede the numbered paragraphs, it is manifest that the agreement relates directly to the dispute between the plaintiffs and Nationwide concerning the amount of flood coverage on the insured property at the time of the loss. Even though the agreement also settles the plaintiffs' claims for negligence in the procurement of flood insurance coverage, the measure of damages for that neglect is exactly the amount of the disputed flood coverage.

While the Court does not wish to unnecessarily compromise the confidentiality of this "partial settlement agreement," the payments made under this agreement are clearly flood insurance benefits and will be treated as such for the remainder of this litigation. While the circumstances of the disclosures made to the mediator concerning this agreement are disputed, I can see nothing improper in the disclosures in the context of court-ordered mediation.

Accordingly, the plaintiffs' motion [28] for enforcement of the "partial settlement agreement" is hereby **DENIED**. The plaintiffs' motion [37] to Strike the Reply to Response to Motion is hereby **DENIED**. The defendant's motion [38] for affirmative relief is hereby **GRANTED IN PART** to the extent set out above and otherwise **DENIED**.

**SO ORDERED** this 12th day of July, 2007.

                                                                        s/ L. T. Senter, Jr.
                                                                        L. T. SENTER, JR.
                                                                        SENIOR JUDGE