UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS B. LETOHA and PAMELA A. BOUDOIN-AIMEE            PLAINTIFFS**

**V.                                         CIVIL ACTION NO.1:06CV1009 LTS-RHW**

**NATIONWIDE INSURANCE COMPANY                              DEFENDANT**

### MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND FOR PARTIAL SUMMARY JUDGMENT

The Court has before it the plaintiffs' motion [53] for reconsideration of the opinion and order [52] entered on July 12, 2007. The Court also has before it the plaintiffs' motion [116] for partial summary judgment. For the reasons set out below, these motions will be denied.

The indemnity principle limits, as a matter of public policy, recovery of insurance benefits for property damage to the loss incurred by the insured. *Berkshire Mut. Ins. Co. v. Moffett,* 378 F.2d 1007, 1011 (5th Cir.1967); *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042 (E.D.La.); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D.La.)*; Esposito v. Allstate Ins. Co.*, 2007 WL 1125761 (E.D.La.). This legal principle operates independently of any agreement between the parties. When a property owner has purchased both flood insurance coverage and wind damage coverage, he is entitled to collect benefits under both policies to the extent he can prove that his property has been damaged by these two forces of nature. But, in the case of a total loss, his recovery is limited to the pre-storm value of his property, and in the case of less than a total loss, his recovery is limited to the damages established by the evidence. Once a property owner recovers part of his loss, from either type of insurance, his total loss is offset to that extent, and this is true regardless of the confidentiality of any private agreement concerning the payment of that portion of the loss.

The plaintiffs have made, presumably in good faith, a claim for flood insurance benefits, and they have accepted payment of those benefits. The terms of the agreement in question specifically identify the settlement payments for the plaintiffs' flood insurance claims. To the extent of these payments, the plaintiffs have been compensated for their storm losses. The confidential nature of the settlement agreement between the plaintiffs and Nationwide does not change this reality, nor does it attempt to. Neither does the confidentiality provision of the agreement trump the indemnity principle. Thus, the proceeds of the settlement between the plaintiffs and Nationwide will be treated as flood insurance proceeds because that is what they are. These payments will be treated just as the flood damage payments were treated in *Tejedor v. State Farm Fire and Cas. Co.*, 2006 WL 3257526 (S.D.Miss.) and in *Broussard v. State Farm Fire and Cas. Co.*, 2007 WL 2264535 (S.D.Miss.)

Plaintiffs' motion for partial summary judgment asks that the Court make a finding that Nationwide is liable to Plaintiffs for some unspecified amount of wind damage to the insured property.  Nationwide contends that it owes the plaintiffs nothing because 1) recovery for wind damage may be precluded by the provisions of the Nationwide policy relating to concurrent causes; and 2) Plaintiffs may have been fully compensated for their losses by recovery of their flood insurance benefits and payments made under their Nationwide wind damage policy.  These contentions create genuine issues of material fact that precludes a grant of partial summary judgment.

Accordingly, it is

**ORDERED**

That the plaintiffs' motion [53] for reconsideration of the Court's opinion and order [52] entered July 12, 2007, is hereby **DENIED**; and

That the plaintiffs' motion [116] for partial summary judgment is hereby **DENIED**.

**SO ORDERED** this 20th day of December, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE